## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RODNEY NORDSTROM, derivatively on behalf of WORLD WRESTLING ENTERTAINMENT, INC., | : | CASE NO. __3:20-CV-904__ |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| VINCENT K. MCMAHON, GEORGE A. BARRIOS, MICHELLE D. WILSON, STEPHANIE MCMAHON, PAUL LEVESQUE, FRANK A. RIDDICK III, STUART U. GOLDFARB, LAUREEN ONG, ROBYN W. PETERSON, MAN JIT SINGH, JEFFREY R. SPEED, ALAN M. WEXLER, and PATRICIA A. GOTTESMAN, | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |
| WORLD WRESTLING ENTERTAINMENT, INC. | : | |
| | : | |
| | : | |
| Nominal Defendant. | : | JULY 1, 2020 |

### NOTICE OF REMOVAL

Defendants Vincent K. McMahon, George A. Barrios, Michelle D. Wilson, Stephanie McMahon, Paul Levesque, Frank A. Riddick, III, Stuart U. Goldfarb, Laureen Ong, Robyn W. Peterson, Man Jit Sing, Jeffrey R. Speed, Alan M. Wexler, and Patricia A. Gottesman, ("Defendants") and Nominal Defendant World Wrestling Entertainment, Inc. ("Nominal Defendant" or "WWE") hereby remove the above-identified civil action (the "Action") that was commenced in the Connecticut Superior Court, Judicial District of Stamford / Norwalk at Stamford (the "State Court") pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a) and 15 U.S.C. § 78aa(a).

1

1.      Removal is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 78aa(a).  In particular, and as set forth below, this Action necessarily raises a disputed and substantial federal question, and the claims are subject to this Court's supplemental jurisdiction under 28 U.S.C. § 1367. Defendants file this Notice of Removal without waiving any right, defense, affirmative defense, or motion, including as to whether Plaintiff is entitled to any relief or damages described in the Complaint or to pursue this matter on behalf of the Nominal Defendant.

## I.      Background on This Action.

2.      This is the third purported shareholder derivative suit seeking to bring claims on behalf of Nominal Defendant WWE based on substantially identical conduct.  The other two previously-filed derivative cases are currently pending in the U.S. District Court for the District of Connecticut, before Hon. Judge Victor A. Bolden.  All three of the derivative suits are patterned after allegations raised in two earlier-filed federal securities class action lawsuits, as further described below.

3.      Plaintiff filed this Action in the State Court on June 2, 2020.  Plaintiff asserts five purported counts (breach of fiduciary duty, unjust enrichment, abuse of control, gross mismanagement, and waste) against all of the Defendants, who are past or present directors and/or officers of WWE.  The allegations in the Complaint relate to alleged misstatements and omissions that Defendants allegedly either made themselves or caused WWE to make in filings with the U.S. Securities and Exchange Commission ("SEC") and other disclosures with respect to business dealings between WWE and Saudi Arabia.  *See, e.g.*, Compl. ¶¶ 3-9, 152.  Plaintiff alleges that, as a result of the alleged conduct, the price of WWE stock decreased and, accordingly, the company was damaged.  *Id.* ¶¶ 10-12.

4.      The same allegations raised in Plaintiff's Complaint were also the subject of two federal securities fraud lawsuits filed in the Southern District of New York as purported class actions on behalf of WWE shareholders, each of which preceded the filing of this Action and alleged that WWE and three of its senior executives (all of whom are named as Defendants in this lawsuit) violated the federal securities laws, including the Securities Exchange Act of 1934 (the "Exchange Act") and rules promulgated thereunder.  The first case, *City of Warren Police & Fire Ret. Sys. v. World Wrestling Entmt., Inc., et al.*, Case No. 20-cv-02031 (S.D.N.Y.), was filed on March 6, 2020.  The second case, *Szaniawski v. World Wrestling Entmt., Inc., et al.*, Case No. 20-cv-02223 (S.D.N.Y.), was filed on March 12, 2020, and its complaint was a virtually verbatim copy of the *City of Warren* complaint.  On May 12, 2020, the two securities cases were consolidated and a new Lead Plaintiff (Firefighters Pension System of the City of Kansas City Missouri Trust) was appointed.  The original plaintiffs in the *Szaniawski* and *City of Warren* cases voluntarily dismissed their complaints on June 3 and 4, 2020, respectively, after the defendants served them with Rule 11 motions.  Lead Plaintiff filed a Consolidated Amended Complaint on June 8, 2020, which is the only currently-operative pleading in the consolidated federal securities action (the "Federal Securities Case").  The defendants moved to dismiss that complaint on June 26, 2020, and the court (Hon. J. Rakoff) has scheduled a hearing on the motion to occur on July 30, 2020.  The factual allegations in this Action are substantially identical to those in the Federal Securities Case.  Plaintiff acknowledges that the Federal Securities Case "seeks to hold [the defendants there] liable for much of the same wrongdoing as is alleged herein."  Compl. ¶ 138.

5.      Plaintiff alleges that the Company has been injured due to the expenses it will incur in defense of the Federal Securities Case.  Compl. ¶¶ 11-12.  Plaintiff makes this assertion, notwithstanding that his derivative lawsuit is duplicative of two other derivative suits that have

already been filed based on the same conduct, each of which was also patterned after the allegations in the federal securities class actions.

6.      The first shareholder derivative lawsuit, purportedly brought on behalf of WWE, was filed in this Court on April 24, 2020, by another WWE shareholder against the same Defendants as are named in this Action (with one exception).  *See Merholz et al. v. McMahon*, *et al.*, No. 3:20-cv-00557 (D. Conn.).  That case includes claims based on near-identical factual allegations and three of the causes of action purportedly asserted in this Action (breach of fiduciary duty, unjust enrichment, and waste), as well as violations of two provisions of the Exchange Act. The plaintiff in that suit filed an amended complaint on June 19, 2020.

7.      A second shareholder derivative lawsuit, purportedly brought on behalf of WWE, was filed in the State Court on May 7, 2020, against the same Defendants as in this Action.  *See Kooi v. McMahon, et al.*, No. FST-CV20-6046762-S (Conn. Super. Ct.) (collectively with the *Merholz* case, the "Previously-Filed Derivative Lawsuits").  The factual allegations raised in that case were also nearly identical to those in the *Merholz* case and in this Action, and included two of the causes of action purportedly raised in this Action (breach of fiduciary duty and unjust enrichment).  Defendants removed that case to this Court on June 1, 2020.  *Kooi v. McMahon, et al.*, No. 3:20-cv-00743 (D. Conn.).  It was deemed to be a related case and assigned to Hon. Judge Bolden.  Defendants filed a motion to consolidate that case with the *Merholz* case on June 26, 2020.  The Plaintiff filed a motion to remand on June 8, 2020, and Defendants filed an opposition to that motion on June 29, 2020.

8.      The Previously-Filed Derivative Lawsuits and this Action each purport to bring claims on behalf of the same nominal party—WWE—based on essentially the same conduct and asserting substantially identical theories of liability.  In particular, each of these lawsuits involves

broad contentions that WWE or certain of its officers made misleading statements to investors in WWE securities.

## II.    Grounds for Removal

9.    Removal of this case is based on 28 U.S.C. §§ 1331, 1441(a), and 1367.  In particular, removal is proper under 28 U.S.C. § 1441(a) because this case presents a federal question (as explained further below) and thus the district courts of the United States have original jurisdiction over this Action under 28 U.S.C. § 1331 and 15 U.S.C. § 78aa(a).  Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the claims asserted in the Complaint.

### A.    Standards for Federal Question Jurisdiction

10.    In addition to cases that directly include a federally-created cause of action, federal question jurisdiction under 28 U.S.C. § 1331 also applies when a state law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue, Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).  *See also N.Y. ex rel. Jacobson v. Wells Fargo Nat'l Bank. N.A.*, 824 F.3d 308, 315-16 (2d Cir. 2016) ("A state-law claim 'necessarily' raises federal questions where the claim is affirmatively 'premised' on a violation of federal law.").

11.    The Exchange Act provides that federal district courts "shall have exclusive jurisdiction of violations of [the Exchange Act] or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder." 15 U.S.C. § 78aa(a).  The Supreme Court has interpreted this grant of jurisdiction to be coincident with the scope of federal question jurisdiction, i.e., to cover those suits "arising under" the Exchange Act.  *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1567 (2016).  Thus, jurisdiction under the Exchange Act encompasses

cases where federal law creates the cause of action and cases (like those set out in *Grable*) "in which a state-law cause of action is 'brought to enforce' a duty created by the Exchange Act because the claim's very success depends on giving effect to a federal requirement." *Id.* at 1570.

**B.      This Action Necessarily Raises a Substantial and Disputed Federal Issue Over Which This Court May Exercise Jurisdiction**

12.      Under the doctrine set out in *Grable*, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Jacobson*, 824 F.3d at 316 (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)).  Each of these elements is present here.

*Plaintiff's Allegations Necessarily Raise Federal Issues*

13.      As described above, Plaintiff alleges that Defendants made misrepresentations and omitted material information in **"SEC filings and other disclosures"** related to business dealings between WWE and Saudi Arabia.  Compl. ¶ 152.  The allegations in the Complaint are substantially identical to the allegations set out in the Federal Securities Case, which exclusively alleges violations of the federal securities laws, including the antifraud provisions of the Exchange Act, by WWE and some of the individual Defendants.  The allegations are also substantially identical to the two Previously-Filed Derivative Lawsuits.

14.      Plaintiff's claims are directly tied to and necessarily depend upon alleged violations of the Exchange Act, particularly Section 10(b), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.  Among other things, Rule 10b-5 makes it unlawful to, in connection with the purchase or sale of any security, "make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading."  17 C.F.R. § 240.10b-5.  Plaintiff

6

alleges damages to the company due to the "materially false misleading statements" that Defendants allegedly made.  Compl. ¶ 9.  Plaintiff claims that the Defendants' actions were "for the purpose and effect of artificially inflating the price of WWE's securities," Compl. ¶ 157, which trade on the New York Stock Exchange.  Compl. ¶ 76.  Plaintiff recites several paragraphs of alleged material misstatements made to shareholders and the market, including through quarterly and annual public reports filed with the SEC.  Compl. ¶¶ 90-121.  These paragraphs substantially track the allegations in the complaints from the Federal Securities Case.

15.     The Complaint brings five counts: (1) for breach of fiduciary duty, (2) for unjust enrichment due to receipt of compensation while breaching those fiduciary duties, (3) abuse of control, (4) gross mismanagement, and (5) waste of corporate assets related to the costs incurred in defending the Federal Securities Case and from the Company's stock repurchases.  Compl. ¶¶ 153-175.  In particular, as to the breach of fiduciary duty claim, Plaintiff alleges breach of fiduciary duty in that "the Individuals Defendants willfully or recklessly **caused the Company to violate federal regulations** by falsely stating and/or failing to disclose" the allegations set out in the Complaint.  Compl. ¶ 156.  Further, Plaintiff claims that the Defendants' actions were "for the purpose and effect of **artificially inflating the price of WWE's securities**."  Compl. ¶¶ 157, 158. In other words, Plaintiff bases the supposed breach of fiduciary duty by Defendants on their management of the Company in a way that caused it to allegedly violate the federal securities laws and regulations, and to issue materially misleading and inaccurate information in violation of those laws in order to inflate the price of securities.  The waste claim is also premised on the Company's expenditure of money to defend the Federal Securities Case.  Compl. ¶¶ 123, 173.

### *The Federal Issues Are Disputed*

16.     Defendants intend to vigorously defend this action.  The allegations related to the federal securities laws go to the heart of Plaintiff's claims, both as to the merits and as to Plaintiff's allegations regarding demand futility.

### *The Federal Issues Are Substantial*

17.     The federal questions raised in this Action are also "substantial" under *Grable*. Substantiality ensures "a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable*, 545 U.S. at 313.  This element "looks to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260.

18.     Congress has determined that compliance with duties or obligations created under the federal securities laws, and related liability for making false or misleading statements in connection with the purchase or sale of securities, are important federal interests that should be vindicated *exclusively* in federal courts.  15 U.S.C. § 78aa(a).  Congress has also repeatedly recognized the importance of the federal private right of action to vindicate these claims, and courts have acknowledged that "the interpretation and application of the federal securities laws ... [are] areas of undisputed strong federal interest." *D'Alessio v. New York Stock Exch., Inc.*, 258 F.3d 93, 100 (2d Cir. 2001).

19.     The federal issue is also dispositive of the Plaintiff's claims.  Liability is premised on the Defendants' alleged willful or reckless actions that "caused the Company to violate federal regulations."  Compl. ¶ 156.  The only laws and regulations invoked in the Complaint are the federal securities laws, the allegations mirror the Federal Securities Case, and the injuries relate entirely to misstatements or failures to disclose material information—issues addressed by Section 10(b) and Rule 10b-5 of the Exchange Act.  Finally, there are three other lawsuits raising the exact

same issues: the Federal Securities Case pending in the Southern District of New York and the two Previously-Filed Derivative Lawsuits, which are pending in this Court. A decision on the federal question will be determinative in all of these cases.

### *The Federal Forum May Entertain the Case*

20.     This federal forum may entertain these questions without disturbing any congressionally-approved balance of federal and state judicial responsibilities. Indeed, Congress has expressly determined that actions brought to enforce any liability or duty created by the Exchange Act should *exclusively* be heard in federal court. 15 U.S.C. § 78aa(a). This is consistent with the substantial federal regulation of the securities markets and reflects a strong signal that resolution of the case in the federal forum will comport with the federal-state balance approved by Congress. *See NASDAQ OMX Grp., Inc. v. UBS Sec., LLC*, 770 F.3d 1010, 1030 (2d Cir. 2014); *D'Alessio*, 258 F.3d at 104.

21.     Federal courts also routinely handle shareholder derivative actions, particularly where the claims relate to violations of the federal securities laws, such that removal of this case will not upset any balance of interests between federal and state courts. Indeed, currently before this Court are two shareholder derivative suits based on the exact same alleged conduct, one of which will indisputably be heard in this Court and will address the same issues raised in this Action, including issues of demand futility and whether the Defendants breached any fiduciary duties related to the alleged material misstatements and omissions made in connection with the purchase or sale of securities.

*          *          *

22.     Accordingly, this Court properly has subject matter jurisdiction over this Action under 28 U.S.C. § 1331, 15 U.S.C. § 78aa(a), and 28 U.S.C. § 1367.

### III.    Procedural Compliance

23.    All procedural requirements for removal are satisfied.

24.    Removal to this Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because this district encompasses the State Court where the Action was filed.

25.    Copies of all process, pleadings, and orders served on Defendants are attached as Exhibit A.  Copies of all other papers filed in the State Court are attached as Exhibit B.

26.    This removal is filed on behalf of all Defendants in the action, who are represented by the undersigned counsel signing and filing this Notice of Removal on their behalf.

27.    Removal is timely under 28 U.S.C. § 1446(b)(1) because Defendants filed this Notice within 30 days of being served a copy of the summons and Complaint.  Plaintiff filed this Action against the Defendants in the State Court on June 3, 2020.  The Defendants, through counsel, agreed to accept service of the Complaint on June 3, 2020.

28.    Contemporaneous with the filing of this Notice, Defendants have given written notice to Plaintiff and will be filing a copy of this Notice with the State Court, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, removal of this Action to this Court is proper, and this case is hereby removed to this Court.

Respectfully submitted,

Dated: July 1, 2020

DEFENDANTS VINCENT K. MCMAHON, GEORGE A. BARRIOS, MICHELLE D. WILSON, STEPHANIE MCMAHON, PAUL LEVESQUE, FRANK A. RIDDICK III, STUART U. GOLDFARB, LAUREEN ONG, ROBYN W. PETERSON, MAN JIT SINGH, JEFFREY R. SPEED, ALAN M. WEXLER, and PATRICIA A. GOTTESMAN, and NOMINAL DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.,

By: */s/  Jeffrey P. Mueller*
    Jeffrey P. Mueller (ct27870)
    Day Pitney LLP
    242 Trumbull Street
    Hartford, CT 06103
    Phone: (860) 275-0100
    Fax: (860) 275-0343
    Email: jmueller@daypitney.com

Jerry S. McDevitt (*pro hac vice* forthcoming)
Curtis B. Krasik (*pro hac vice* forthcoming)
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
jerry.mcdevitt@klgates.com
curtis.krasik@klgates.com

Stephen G. Topetzes (*pro hac vice* forthcoming)
Theodore L. Kornobis (*pro hac vice* forthcoming)
K&L Gates LLP
1601 K Street, NW
Washington, DC 20006
Phone: (202) 778-9000
Fax: (202) 778-9100
stephen.topetzes@klgates.com
ted.kornobis@klgates.com