# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RYAN MERHOLZ, and MELVYN KLEIN, Derivatively On Behalf Of WORLD WRESTLING ENTERTAINMENT, INC., | : | CASE NO. 3:20-CV-00557-VAB |
| Plaintiffs, | : | |
| v. | : | |
| VINCENT K. MCMAHON, STEPHANIE MCMAHON, PAUL LEVESQUE, FRANK A. RIDDICK III, STUART U. GOLDFARB, LAUREEN ONG, ROBYN W. PETERSON, MAN JIT SINGH, JEFFREY R. SPEED, ALAN M. WEXLER, GEORGE A. BARRIOS, and MICHELLE D. WILSON, | : | |
| Defendants, | : | |
| WORLD WRESTLING ENTERTAINMENT, INC., | : | |
| Nominal Defendant. | : | JULY 9, 2020 |
| DANIEL KOOI, derivatively on behalf of WORLD WRESTLING ENTERTAINMENT, INC., | : | CASE NO. 3:20-CV-00743-VAB |
| Plaintiff, | : | |
| v. | : | |
| VINCENT K. MCMAHON, FRANK A. RIDDICK III, JEFFREY R. SPEED, PATRICIA A. GOTTESMAN, STUART U. GOLDFARB, LAUREEN ONG, PAUL LEVESQUE, ROBYN W. PETERSON, STEPHANIE MCMAHON, MAN JIT SINGH, ALAN M. WEXLER, GEORGE A. BARRIOS, and MICHELLE D. WILSON | : | |
| Defendants. | : | |

| WORLD WRESTLING ENTERTAINMENT, INC. | : |  |
|---|---|---|
|  | : |  |
| Nominal Defendant. | : | JULY 9, 2020 |

| RODNEY NORDSTROM, derivatively on behalf of WORLD WRESTLING ENTERTAINMENT, INC., | : | CASE NO. 3:20-CV-00904-VAB |
|---|---|---|
| Plaintiff, | : |  |
| v. | : |  |
| VINCENT K. MCMAHON, GEORGE A. BARRIOS, MICHELLE D. WILSON, STEPHANIE MCMAHON, PAUL LEVESQUE, FRANK A. RIDDICK III, STUART U. GOLDFARB, LAUREEN ONG, ROBYN W. PETERSON, MAN JIT SINGH, JEFFREY R. SPEED, ALAN M. WEXLER, and PATRICIA A. GOTTESMAN, | : |  |
| Defendants, | : |  |
| WORLD WRESTLING ENTERTAINMENT, INC., | : |  |
| Nominal Defendant. | : | JULY 9, 2020 |

## DEFENDANTS' MOTION FOR STATUS CONFERENCE

Defendants Vincent K. McMahon, George A. Barrios, Michelle D. Wilson, Stephanie McMahon, Paul Levesque, Frank A. Riddick, III, Stuart U. Goldfarb, Laureen Ong, Robyn W. Peterson, Man Jit Singh, Jeffrey R. Speed, Alan M. Wexler, Patricia A. Gottesman and Nominal Defendant World Wrestling Entertainment, Inc. ("WWE") (collectively, "Defendants") hereby move for a status conference with the Court to discuss the scheduling and management of the related cases captioned *Merholz et al. v. McMahon, et al.*, No. 3:20-cv-00557-VAB (D. Conn.) ("*Merholz* Action"), *Kooi v. McMahon, et al.*, No. 3:20-CV-00743-VAB (D. Conn.) ("*Kooi*

Action"), and *Nordstrom v. McMahon, et al.*, No. 3:20-CV-00904-VAB (D. Conn.) ("*Nordstrom* Action"). Defendants are cross-filing this motion in all three actions.

1. The *Merholz* Action, the *Kooi* Action, and the *Nordstrom* Action are shareholder derivative lawsuits patterned after two putative securities class action complaints originally filed in the Southern District of New York. The initial securities class action complaint alleged federal securities laws violations concerning certain business dealings by WWE in Saudi Arabia. *See City of Warren Police & Fire Retirement System. v. World Wrestling Entertainment, Inc., et al.*, Case No. 20-cv-02031 (S.D.N.Y. filed Mar. 6, 2020). Shortly after the initial securities class action complaint was filed, a second copycat securities class action was also filed in the Southern District of New York. *See Szaniawski v. World Wrestling Entertainment, Inc., et al.*, Case No. 20-cv-02223 (S.D.N.Y. filed Mar. 12, 2020). The Court in the Southern District of New York consolidated the two securities class actions and appointed a lead plaintiff and lead counsel. Defendants then served all plaintiffs with Rule 11 motions. Following service of the Rule 11 motions, the two original plaintiffs voluntarily dismissed their complaints within the safe harbor period of Rule 11 rather than face sanctions motions. On June 8, 2020, the lead plaintiff filed a Consolidated Amended Class Action Complaint. On June 26, 2020, the defendants moved to dismiss the Consolidated Amended Class Action Complaint and requested permission to provide that Court with additional Rule 11 materials if the Court dismissed the case and conducted the required Rule 11 analysis upon dismissal. The Court in the Southern District of New York has scheduled oral argument on the defendants' motion to dismiss for July 30, 2020.

2. The *Merholz* Action was the first shareholder derivative case filed in this Court on April 24, 2020 and assigned to Judge Bolden. It was patterned on, and slavishly copied, the allegations of the initial shareholder class action case filed in New York. Following service of a

Rule 11 motion on May 29, 2020, Plaintiffs in the *Merholz* Action filed an Amended Complaint on June 19, 2020, prior to the expiration of the safe harbor period. The Amended Complaint in the *Merholz* Action withdrew some, but not all, of the allegations violating Rule 11. Accordingly, Defendants served the plaintiffs in the *Merholz* Action and their counsel with a Rule 11 motion aimed at the Amended Complaint on July 2, 2020. As matters now stand, Defendants have until July 27, 2020 to respond to the Amended Complaint in the *Merholz* Action.

3. The *Kooi* Action was the second shareholder derivative case patterned after the shareholder class action case filed in New York. It was filed in Connecticut Superior Court on May 7, 2020 and removed to this Court on June 1, 2020. The *Kooi* action was transferred to Judge Bolden as a related case on June 2, 2020. Plaintiff in the *Kooi* Action moved to remand the case on June 8, 2020, and Defendants filed their opposition to that motion on June 29, 2020. In the motion to remand, Plaintiff in the *Kooi* Action restated the allegations which violated Rule 11 to this Court. Accordingly, on June 12, 2020, Defendants served Plaintiff in the *Kooi* Action and his counsel with a Rule 11 motion. Prior to the expiration of the safe harbor period, Plaintiff in the *Kooi* Action filed an Amended Complaint on July 3, 2020. Unlike the plaintiffs and their counsel in the Merholz Action, Plaintiff in the *Kooi* Action and his counsel withdrew allegations violating Rule 11 from their Amended Complaint. As matters now stand, Defendants have until July 27, 2020 to respond to the Amended Complaint in the *Kooi* Action.

4. The *Nordstrom* Action was the third copycat shareholder derivative case patterned after the shareholder class action filed in New York. It was filed on June 3, 2020 in Connecticut Superior Court and removed to this Court on July 1, 2020. The *Nordstrom* Action was transferred to Judge Bolden as a related case on July 7, 2020. Defendants have moved on

consent for the same extension of time until July 27, 2020 to respond to the Complaint in the *Nordstrom* Action.

5. On July 2, 2020, Defendants moved to consolidate the *Merholz* Action, the *Kooi* Action, and the *Nordstrom* Action for all purposes. That motion is pending.

6. Defendants now seek a status conference with the Court to discuss scheduling and management of the *Merholz* Action, the *Kooi* Action, and the *Nordstrom* Action.

7. Defendants wish to discuss with the Court the adoption of procedures to ensure that the *Merholz* Action, the *Kooi* Action, and the *Nordstrom* Action proceed in the most orderly and efficient manner possible.

8. Specifically, Defendants wish to discuss adoption of a modified version of the procedures employed by this Court in *In re Frontier Communications Corporation Derivative Litigation*, No. 3:17-CV-1792-VAB, 2018 WL 3553332 (D. Conn. July 23, 2018) (Bolden, J.), including (a) consolidation of the *Merholz Action,* the *Kooi* Action, and the *Nordstrom* Action; (b) appointment of a lead plaintiff and lead counsel in the consolidated action; (c) establishment of deadlines for the lead plaintiff to file a consolidated amended complaint and Defendants to file motions to dismiss the consolidated amended complaint; and (d) a possible stay of proceedings until the motion to dismiss the shareholder class action case pending in New York is decided.

9. Defendants believe that the adoption of such procedures will reduce the need for the parties to brief and for the Court to decide three different motions to dismiss with respect to three separate complaints alleging essentially the same claims against the same Defendants.

10. Defendants also wish to discuss with the Court an orderly procedure for adjudicating the issues presented by such motions. Defendants propose that the Court should consider staying litigation of these derivative actions until the Court in the Southern District of

New York rules on the pending motions to dismiss the securities class action (as this Court did in the *Frontier* case) because the ruling in the securities class action will necessarily affect adjudication of the motion to dismiss in these actions. Then, as set forth in Defendants' opposition to the motion to remand filed in the *Kooi* Action (Doc. No. 32), Defendants propose that the Court first decide motions to dismiss, including in particular the issue of whether Plaintiffs have met the threshold demand pleading requirements in a shareholder derivative action under Rule 23.1. If the Court rules in favor of Defendants on that issue, the Court can dismiss these actions without addressing the other issues. If the Court rules in favor of Plaintiffs on that issue, Defendants propose that the Court should then decide the motion to remand.

11. Defendants believe that addressing the issues presented in this manner will streamline these actions and conserve the resources of both the parties and the Court.

WHEREFORE, the Court should grant Defendants' motion for a status conference to discuss the scheduling and management of the *Merholz* Action, the *Kooi* Action, and the *Nordstrom* Action.

DEFENDANTS VINCENT K. MCMAHON, GEORGE A. BARRIOS, MICHELLE D. WILSON, STEPHANIE MCMAHON, PAUL LEVESQUE, FRANK A. RIDDICK III, STUART U. GOLDFARB, LAUREEN ONG, ROBYN W. PETERSON, MAN JIT SINGH, JEFFREY R. SPEED, ALAN M. WEXLER, PATRICIA A. GOTTESMAN, and NOMINAL DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.,

By: /s/ Jerry S. McDevitt
Jerry S. McDevitt *(pro hac vice)*
Curtis B. Krasik *(pro hac vice*)
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Phone: (412) 355-6500
Fax: (412) 355-6501
Email: jerry.mcdevitt@klgates.com
Email: curtis.krasik@klgates.com

Stephen G. Topetzes (*pro hac vice*)
Theodore L. Kornobis (*pro hac vice*)
K&L GATES LLP
1601 K Street, NW
Washington, DC 20006
Phone: (202) 778-9000
Fax: (202) 778-9100
Email: stephen.topetzes@klgates.com
Email: ted.kornobis@klgates.com

Jeffrey P. Mueller (ct27870)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-0100
Fax: (860) 275-0343
Email: jmueller@daypitney.com

## CERTIFICATION OF SERVICE

I hereby certify that, on July 9 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                       */s/ Jeffrey P. Mueller*
                                                       Jeffrey P. Mueller (ct27870)