**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| RODNEY NORDSTROM, derivatively on behalf of WORLD WRESTLING ENTERTAINMENT, INC., | : | CASE NO. 3:20-CV-00904-VAB |
| Plaintiff, | : | |
| v. | : | |
| VINCENT K. MCMAHON, GEORGE A. BARRIOS, MICHELLE D. WILSON, STEPHANIE MCMAHON, PAUL LEVESQUE, FRANK A. RIDDICK III, STUART U. GOLDFARB, LAUREEN ONG, ROBYN W. PETERSON, MAN JIT SINGH, JEFFREY R. SPEED, ALAN M. WEXLER, and PATRICIA A. GOTTESMAN, | : | |
| Defendants, | : | |
| WORLD WRESTLING ENTERTAINMENT, INC., | : | |
| Nominal Defendant. | : | DECEMBER 16, 2020 |

**DEFENDANTS' OBJECTION TO**
**PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL**

Nominal Defendant World Wrestling Entertainment, Inc. ("WWE") and Defendants Vincent K. McMahon, George A. Barrios, Michelle D. Wilson, Stephanie McMahon, Paul Levesque, Frank A. Riddick, III, Stuart U. Goldfarb, Laureen Ong, Robyn W. Peterson, Man Jit Singh, Jeffrey R. Speed, Alan M. Wexler, Patricia A. Gottesman (with WWE, "Defendants") respectfully submit this Objection to Plaintiff Rodney Nordstrom's ("Plaintiff") Notice of Voluntary Dismissal (the "Dismissal Notice") (ECF No. 104).

This Court should strike Plaintiff's Dismissal Notice and reject Plaintiff's invalid attempt to evade the dismissal with prejudice of his defective lawsuit. The Dismissal Notice both (i) constitutes an improper end-run around this Court's November 6, 2020 Ruling and Order granting Defendants' motion to dismiss for failure to plead demand futility, and (ii) violates the Federal Rules of Civil Procedure. The Dismissal Notice also amounts to a tacit admission by Plaintiff that he will not seek leave to replead because he cannot plead demand futility under any set of facts. Based on this tacit admission, at a minimum, this action should be dismissed as to Plaintiff and *with prejudice*.

*First*, the Dismissal Notice is an improper attempt to circumvent this Court's November 6, 2020 Ruling and Order granting Defendants' motion to dismiss Plaintiff's Amended Complaint. *See Merholz.* v. *McMahon*, No. 3:20-cv-00904-VAB, 2020 WL 6546007, at \*11, \*13 (D. Conn. Nov. 6, 2020). In that order, this Court held that Plaintiff had failed to satisfy the standards for demand futility under Rule 23.1 and Delaware substantive law. *Id.*, at \*11. Pursuant to its inherent authority, this Court further held that it would await resolution of proposed intervenor Dennis Palkon's motion to intervene in this action before deciding whether the dismissal of this action "is with prejudice or conceivably can be remedied by seeking leave to file an amended pleading." *Id.*, at \*1 & n.3. Plaintiff's improper Dismissal Notice cannot, and should not, be permitted to evade the Court's November 6 order.

*Second*, the Dismissal Notice is a procedural nullity because it failed to comply with Federal Rules of Civil Procedure 23.1(c) and 41. Because this is a shareholder derivative lawsuit, Plaintiff cannot unilaterally dismiss this action, but must instead first obtain court approval. Plaintiff's Dismissal Notice under Rule 41(a)(1)(A) is "[s]ubject to . . . Rule 23.1(c)." Fed. R. Civ. P. 41(a)(1)(A). Rule 23.1(c) expressly requires a *court order* for any voluntary

dismissal to be effective.  Fed. R. Civ. P. 23.1(c) ("A derivative action may be . . . voluntarily dismissed . . . only with the court's approval.").  Rule 23.1(c) further provides that "notice of a . . . voluntary dismissal . . . must be given to shareholders . . . in *the manner that the court orders*."  The Second Circuit has long recognized that the "specific requirement in Rule 23.1 for notice and court approval controls over the generality of Rule 41(a)(1) and must be observed in cases where it applies."  *Papilsky* v. *Berndt*, 466 F.2d 251, 257 n.8 (2d Cir. 1972), *cert. denied*, 409 U.S. 1077 (1972); *see also* C. Wright & A. Miller, Federal Practice and Procedure § 2363 (2020) ("The court's approval also is required under the other Federal Rules listed in subdivision (a)(1)(A), including those regulating . . . stockholders' derivative suits.").

Because Plaintiff has not complied with Rule 23.1(c)'s express court approval requirement, Plaintiff's assertion that notice to other shareholders under Rule 23.1(c) is not required because "neither Plaintiff nor Plaintiff's counsel have received or will receive any compensation for this dismissal" is of no moment.  (ECF No. 104 at 1.)  Rule 23.1(c) required Plaintiff to both seek this Court's approval of his request to voluntarily dismiss this action and his request to provide no notice to WWE's shareholders.

Accordingly, the Court should (1) reject Plaintiff's invalid attempt to dismiss this action voluntarily and without prejudice, (2) strike Plaintiff's Dismissal Notice, and (3) grant Defendants' motion to dismiss Plaintiff's amended complaint with prejudice for the reasons set forth in their Opposition to Dennis Palkon's motion to intervene.  At a minimum, the Court should construe the Dismissal Notice as a concession that Plaintiff will not seek leave to file a further amended complaint and on that basis dismiss the action with prejudice as to Plaintiff.

-4-

DEFENDANTS VINCENT K. MCMAHON, GEORGE A. BARRIOS, MICHELLE D. WILSON, STEPHANIE MCMAHON, PAUL LEVESQUE, FRANK A. RIDDICK III, STUART U. GOLDFARB, LAUREEN ONG, ROBYN W. PETERSON, MAN JIT SINGH, JEFFREY R. SPEED, ALAN M. WEXLER, PATRICIA A. GOTTESMAN, and NOMINAL DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.,

By: */s/ Jeffrey P. Mueller*
Jeffrey P. Mueller (ct27870)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-0100
Fax: (860) 275-0343
Email: jmueller@daypitney.com

Theodore V. Wells *(pro hac vice)*
Daniel J. Kramer *(pro hac vice)*
Richard C. Tarlowe *(pro hac vice)*
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Phone: (212) 373-3000
Fax: (212) 757-3990
Email: twells@paulweiss.com
Email: dkramer@paulweiss.com
Email: rtarlowe@paulweiss.com

Justin Anderson *(pro hac vice)*
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Phone: (202) 223-7300
Email: janderson@paulweiss.com

>Jerry S. McDevitt *(pro hac vice)*
>Curtis B. Krasik *(pro hac vice)*
>K&L GATES LLP
>K&L Gates Center
>210 Sixth Avenue
>Pittsburgh, PA 15222
>Phone: (412) 355-6500
>Fax: (412) 355-6501
>Email: jerry.mcdevitt@klgates.com
>Email: curtis.krasik@klgates.com
>
>Stephen G. Topetzes (*pro hac vice*)
>Theodore L. Kornobis (*pro hac vice*)
>K&L GATES LLP
>1601 K Street, NW
>Washington, DC 20006
>Phone: (202) 778-9000
>Fax: (202) 778-9100
>Email: stephen.topetzes@klgates.com
>Email: ted.kornobis@klgates.com

## CERTIFICATE OF SERVICE

     I hereby certify that, on December 16, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

> /s/ Jeffrey P. Mueller
>Jeffrey P. Mueller (ct27870)